IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:12-CR-27-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JIMMY CHESSON, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. Defendant called as witnesses the proposed third-party custodian, his wife, and an agent with the Federal Bureau of Investigation. Because the government had intended to call the agent as its sole witness, it called no witnesses. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged in a four-count indictment on 13 December 2012 with: armed bank robbery, and aiding and abetting the same, on or about 6 January 2012 (ct. 1) and on or about 27 January 2012 (ct. 3) in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2; and using and carrying and brandishing of a firearm during and in relation to a crime of violence and

possession of the firearm in furtherance of said crime on or about 6 January 2012 (ct. 2) and on or about 27 January 2012 (ct. 4) in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.

The evidence presented at the hearing showed that defendant served as the driver in both of the alleged robberies. In both cases, he knew the robber, defendant Taylor, had a gun before he entered the respective banks. Immediately before the second robbery, defendant went into the bank to determine whether there was bullet-proof glass protecting the tellers, reported to Taylor and the others involved in the robbery that there was no such glass, and Taylor minutes later entered the bank brandishing a firearm.

Months after the robberies, Taylor was arrested in connection with a robbery he committed in Virginia. He identified the participants in the instant robberies. In subsequent questioning, defendant admitted to his participation in the robberies. He shared in the proceeds of both robberies.

### Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the violent and gun-related nature of the offenses charged; the circumstances of the offenses charged, including the brandishing of a firearm in the course of the robberies; defendant's extensive criminal record, extending from his earliest conviction in 1994 when he was 16 years old to his most recent conviction this year (for felony larceny of a motor vehicle in 2011), including 9 felony convictions, 12 misdemeanor convictions, 2 probation

2

revocations, commission of 2 offenses while on probation, 5 failures to appear, and continuation of criminal conduct despite repeated imprisonment; the danger of continued offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the strained relationship between defendant and the proposed custodian and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, defendant has ties to the local area and the testifying agent stated that he believed he would be able to locate defendant if he were released. This evidence, though, goes only to flight risk, and the court is not resting this order on that risk.

Defendant cites to his declining an invitation by Taylor to participate in another robbery in Virginia as evidence that the risk of danger he presents is reasonably addressable by conditions. But the other evidence of record shows strongly to the contrary. This evidence includes the assessment of the testifying agent—in response to questioning by defendant—that defendant was not a suitable candidate for release because of the danger he presents.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 20th day of December 2012.

_____
James E. Gates
United States Magistrate Judge